IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.           ) | Case No. CR-20-00159-JD-01 |
| ) | |
| JESUS BARRIOS-BLANCO, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant Jesus Barrios-Blanco's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 (Zero-Point Offenders) to the United States Sentencing Guidelines ("Motion") [Doc. No. 235]. Mr. Barrios-Blanco asserts that he is eligible for a sentence reduction as a zero-point offender. Motion at 4. The United States responded in opposition [Doc. No. 238] asserting that Mr. Barrios-Blanco is excluded from eligibility because he possessed a firearm during the offense. The United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 236]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Because Mr. Barrios-Blanco possessed a firearm in connection with the offense, he is ineligible for a reduction under USSG § 4C1.1(a)(7).

I.     **BACKGROUND**

On February 26, 2021, Mr. Barrios-Blanco entered a plea of guilty to the two-count Superseding Information charging him with drug conspiracy (Count 1), in violation

of 21 U.S.C. §§ 841(a)(1) and 846, and illegal alien in possession of a firearm (Count 2), in violation of 18 U.S.C. § 922(g)(5)(A). [Doc. Nos. 120, 136–41]. On September 16, 2021, the USPO filed the Second Revised Final Presentence Investigation Report ("PSR"). [Doc. No. 169].

Counts 1 and 2 were grouped pursuant to USSG § 3D1.2(c). PSR at ¶ 55. Count 1 carried the higher adjusted offense level; thus, the adjusted offense level of 36 was used for guideline purposes. *See id.* at ¶¶ 63, 70–71; *see also* USSG § 3D1.3(a). After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 33. *See* PSR at ¶¶ 73–75.

The PSR calculated a total criminal history score of zero for Mr. Barrios-Blanco, placing him in a criminal history category of I. *See id.* at ¶ 79. Based on a total offense level of 33 and a criminal history category of I, Mr. Barrios-Blanco's advisory guideline range for imprisonment was 135 months to 168 months. *See id.* at ¶ 118.

At the sentencing hearing held on September 29, 2021, the Court adopted the PSR without change [Doc. No. 188 at 1], and sentenced Mr. Barrios-Blanco to a term of imprisonment of 72 months as to Counts 1 and 2, to be served concurrently. Judgment at 2 [Doc. No. 187].

II.  **DISCUSSION**

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*,

81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-

3

sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Mr. Barrios-Blanco is not eligible for a sentence reduction under Amendment 821. Relevant here is Part B of Amendment 821, which created a new guideline—USSG § 4C1.1—providing for a decrease of two offense levels for "Zero-Point Offenders." *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders). With respect to USSG § 4C1.1, a defendant is eligible for a two-level reduction in his offense level if he or she meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

See USSG § 4C1.1(a) (effective Nov. 1, 2023).

Although Mr. Barrios-Blanco did not receive any criminal history points from Chapter Four, Part A, of the Sentencing Guidelines, his possession of the firearm renders him ineligible under § 4C1.1(a)(7) for a sentence reduction. See PSR at ¶¶ 34, 53, 57, 64.

Thus, because the reduction is not authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Barrios-Blanco's sentence and dismisses the Motion. See White, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a

sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III. CONCLUSION

Accordingly, Defendant Jesus Barrios-Blanco's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 (Zero-Point Offenders) to the United States Sentencing Guidelines [Doc. No. 235] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 13th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE